UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT PARKER**

**VERSUS**

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.**

**CIVIL ACTION**

**NO. 18-1030-JWD-EWD**

## RULING AND ORDER

This matter is before the Court on the *Motion to Dismiss Third Amended Complaint* (Doc. 67) filed by Defendant James LeBlanc ("LeBlanc"). Plaintiff Robert Parker ("Plaintiff") opposes the motion. (Doc. 71.) LeBlanc has filed a reply. (Doc. 72.) Oral argument is necessary. The Court has considered the law, the facts alleged in the *Third Amended Complaint for Negligence, False Imprisonment, and Violation of Constitutional Rights* ("*Third Amended Complaint*") (Doc. 66), and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the motion is granted in part and denied in part.

**I.    Relevant Factual Background**

This is an over-detention case. In short, Plaintiff was sentenced to two years imprisonment (with reductions for good time credit and credit for time served), but, due to an error misclassifying him as a sex offender and the alleged actions of various defendants, Parker was not released as legally required but was instead held for an additional 337 days beyond the time when he should have been released. (*Third Amend. Compl.* ¶¶ 24–27, 35, Doc. 66.) Relevant here, Plaintiff claims that his over-detention was caused in part by LeBlanc's implementing a policy of over-detaining individuals in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC" or the "Department"), of which LeBlanc is Secretary. (*Id.* ¶¶ 45–50.)

Plaintiff asserts the following counts against all Defendants: (1) false imprisonment under Louisiana state law; (2) negligence; (3) & (4) a violation of his right to due process under the federal and state constitutions; (5) "*Monell* and Failure to Train/Supervise"; (6) failure to train and supervise; (7) *respondeat superior*; (8) indemnification; and (9) direct action against the insurance companies. (*Id.* ¶¶ 51–81.)  Here, LeBlanc moves for dismissal of the following claims against him: (1) the § 1983 claim, (2) the state law claims of false imprisonment and negligence, and (3) the *respondeat superior* and indemnification claims. (Doc. 67 ¶¶ 1–4.)

## II.    Rule 12(b)(6) Standard

"Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 346–47 (2014) (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial

2

> experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

In deciding a Rule 12(b)(6) motion, all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted." *Id.* at 503.

### III.  Discussion

#### A.  Section 1983 Claim Against LeBlanc Individually

##### *1. The Court's Prior Ruling*

In the Court's prior ruling on LeBlanc's Rule 12(b)(6) motion, *Parker v. Louisiana Dep't of Pub. Safety & Corr.*, No. 18-1030, 2020 WL 4353564 (M.D. La. July 29, 2020), the Court laid out in detail the standards for qualified immunity and for liability in over-detention cases, *id.* at *10–12, and for supervisors like LeBlanc, *id.* at *13–15. *See also* Doc. 65 at 17–22, 24–26. Of particular importance to this motion was the Court's discussion of how, in order to establish that

3

a supervisor was liable for implementing unconstitutional policies, a plaintiff must ordinarily prove a pattern of similar violations. *Parker*, 2020 WL 4353564 at *14; Doc. 65 at 25.  This Court specifically stated:

> "It is thus clear that a plaintiff must demonstrate 'a pattern of abuses that transcends the error made in a single case.' " [*Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850–51 (5th Cir. 2009)] (quoting [*Piotrowski v. City of Hous.*, 237 F.3d 567, 582 (5th Cir. 2001)] (citations omitted)). "A pattern requires similarity and specificity; '[p]rior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question.' " *Id.* at 851 (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)).

*Parker*, 2020 WL 4353564 at *14; Doc. 65 at 25.  This Court then applied that standard and found:

> The *Second Amended Complaint* lacks adequate detail from which the Court can plausibly conclude that the other described incidents are sufficiently similar to what befell Plaintiff or that the same or sufficiently underlying cause is to blame. Indeed, Plaintiff provides no detail about these other incidents and essentially says only that over-detention is ubiquitous. Without more, Plaintiff's claim must fail.

*Parker*, 2020 WL 4353564 at *16; Doc. 65 at 29.  This Court also held that "Plaintiff has, at this point, failed to adequately allege deliberate indifference," as Plaintiff failed to allege, even on information and belief, that LeBlanc was aware of public references to the over-detention problem (including to a Legislative Auditor's report, an Attorney General op-ed, and testimony in a state court law suit, all discussed in the complaint). *Parker*, 2020 WL 4353564 at *16; Doc. 65 at 29.

### *2. Parties' Arguments*

Here, LeBlanc asserts that "Plaintiff does not lodge any factual allegations regarding *similar* incidents beyond what was deficiently alleged in the Second Amended Complaint." (Doc. 67-1 at 7.)  While Plaintiff alleges on information and belief that LeBlanc was aware of the Auditor's report, op-ed, and state court case, he fails to show that "those prior instances were

4

sufficiently similar to the incident in question such that it put the Secretary on notice that a *particular* defect in his policies would lead to the constitutional violation at issue in this case." (*Id.*)

Plaintiff disagrees and argues that he has pled facts to "allow this Court to plausibly conclude that the other described incidents are sufficiently similar to the Plaintiff's case, and to establish Defendant LeBlanc's knowledge and the basis thereof." (Doc. 71 at 4.) Plaintiff asserts:

> Specifically, the Plaintiff pled facts that explain (1) the similar year-long duration of numerous other incidents of over-detention, (2) the similar cause of numerous other instances of over-detention related to incorrect inmate records, and (3) the similar recognition upon review of records in other instances of over-detention that an inmate being held was entitled to immediate release. Rec. Doc. 66, p. 8 §(B)(48).

(*Id.*) Plaintiff then details various allegations of the *Third Amended Complaint*. (*Id.* at 5–7.) Plaintiff further argues:

> Overall, the facts pleaded by the Plaintiff explain that there is a widespread practice of over-detention at the DOC, which has been recognized by employees, counsel, and independent auditors alike. Specifically, the frequency of year-long over-detentions, of inmate release records being done wrong, and the belated recognition that inmates are entitled to immediate release in other cases was the *exact* experience of our Plaintiff as described in his Third Amended Complaint.

(*Id.* at 6.) Plaintiff closes by arguing that he has adequately pled LeBlanc's knowledge of these problems.

LeBlanc replies by reiterating that Plaintiff has failed to establish the similarity of the prior incidents:

> The Plaintiff fails to plead facts identifying prior violations which, because of the similarities to this case, should have put the Secretary on notice that specific training, specific supervision, or a specific policy was needed to prevent the Plaintiff's constitutional rights

5

> from being violated <u>in the way the Plaintiff's rights were allegedly violated</u>.

(Doc. 72 at 1–2.) LeBlanc then goes through each of the alleged categories of prior incidents to rebut Plaintiff's arguments. LeBlanc concludes:

> None of the alleged other incidents referenced by the Plaintiff in his Complaint pertain to an alleged pattern of offenders erroneously labeled as sex offenders which led to delayed release from custody to get compliance with the sex offender registration requirements. Therefore, the Plaintiff has failed to meet his burden of pleading that Secretary LeBlanc had notice of <u>the particular problem</u> that supposedly caused Plaintiff's alleged over-detention.

(*Id.* at 3.)

### *3. Analysis*

Having carefully considered the matter, and upon further consideration of the Court's prior ruling, the Court finds that Plaintiff has adequately pled that there were sufficiently similar prior incidents in sufficient number and of which LeBlanc was aware to overcome qualified immunity at this stage. As a result, LeBlanc's motion will be denied.

A brief review of Plaintiff's allegations is warranted. In the *Third Amended Complaint*, Plaintiff claims on information and belief that "there is a significant pattern of over-detention at the DPSC, such that the pattern is tantamount to official policy." (*Third Amend. Compl.* ¶ 45, Doc. 66.) Plaintiff further alleges that LeBlanc "was aware that the Legislative Auditor released a report finding that the DPSC had a serious problem of not knowing where its inmates were located, or when their proper release date was." (*Id.* ¶ 46.) Moreover, Plaintiff avers on information and belief, that:

> LeBlanc was aware that counsel for the DPSC, Attorney General Jeff Landry, wrote an op-ed on March 8, 2018, during Plaintiff's over-incarceration, conceding that there "is a layer of incompetence so deep that the Corrections Department doesn't know where a

6

> prisoner is on any given day of the week or when he should actually be released from prison."

(*Id.* ¶ 47.) Lastly, Plaintiff alleges on information and belief that:

> LeBlanc was aware of testimony from DPSC employees in *Chowns v. LeBlanc*, La. 37th JDC 26-932 regarding the regular pattern of over-detention of inmates, specifically:
>
> a. Tracy Dibenetto, a DOC employee, testified that DOC staff have discovered approximately one case of over-detention per week for the last nine years. Ms. Dibenetto also testified that inmates are sometimes incorrectly incarcerated for periods of up to a year.
>
> b. Henry Goines, a DOC employee whose job was to review sentence computations for the assistant secretary, testified that he typically discovered "one or two [inmates] a week" who were eligible for immediate release.
>
> c. Cheryl Schexnayder, a DOC records analyst, testified that in the course of her job, she had looked at inmates' sentences and found that they had been done wrong and the inmate was entitled to immediate release.
>
> d. Sonja Riddick, a DOC employee, responded to the question: "Did you ever find a time when you looked at an inmate's records and you say, this man should be out now?" with the answer: "Oh yes."

(*Id.* ¶ 48.) Plaintiff concludes:

> Plaintiff's allegations, which if taken as true, make it plausible that Defendant LeBlanc engaged in a policy of unconstitutionally over-detaining persons and that policy was the driving force behind the violation of Plaintiff's constitutional rights. As such, Defendant LeBlanc is subject to a *Monell* claim based on the pattern of ongoing, widespread and specifically similar incidents of over-detention

(*Id.* ¶ 49.)

Considering these allegations, the Court finds that Plaintiff has adequately alleged sufficiently similar incidents based on (1) the Legislative Auditor's finding that "DPSC had a serious problem of not knowing . . . when [inmates'] proper release date was," (*id.* ¶ 46); (2) the

7

op-ed from LeBlanc's lawyer, the Attorney General, that LeBlanc does not know, because of a "layer of incompetence," "when [inmates] should actually be released from prison," (*id.* ¶ 47); (3) Dibenetto's testimony that inmates are "incorrectly incarcerated for periods of up to a year," (*id.* ¶ 48(a)); and (4) Schexnayder's testimony that inmate sentences have been "done wrong" and that inmates are entitled to immediate release," (*id.* ¶ 48(b)). That is, construing these allegations in a light most favorable to Plaintiff and drawing reasonable inferences in Plaintiff's favor, the Court finds that a reasonable juror could conclude that LeBlanc implemented defective policies that lead to Plaintiffs' (and others') over-detention.

While the Fifth Circuit requires specificity and similarity, the Court declines to draw the line as finely as LeBlanc advances and limit the types of problems involved solely to those instances where individuals have been misclassified as sexual offenders. Rather, the problem alleged is, as the op-ed and Legislative Auditor's report said, the Department "not knowing when [inmates'] proper release date was," (*id.* ¶¶ 46–47), and, as Schexnayder said, the fact that "inmate sentences have been 'done wrong' and that inmates are entitled to immediate release," (*id.* ¶ 48(c)).

As to the other requirements, the Court finds that LeBlanc cannot seriously dispute (1) that the prior incidents were sufficient in number and (2) that LeBlanc did not have actual knowledge of them, particularly considering the allegations on information and belief that he knew about the Legislative Auditor's report, Attorney General op-ed, and state court testimony. (*Id.* ¶¶ 46–48.)

For all these reasons, LeBlanc's motion to dismiss Plaintiff's qualified immunity claim will be denied.

### B. False Imprisonment

LeBlanc next moves to dismiss the false imprisonment claim against the "Defendants." LeBlanc argues that this state law claim requires that each Defendant either actually or

8

constructively detain Plaintiff. According to LeBlanc, here, Plaintiff alleges only that he was in "state law custody."

Plaintiff responds:

> Whether or not Secretary was the person who physically locked the Plaintiff in a prison cell for 337 days past his release date, the Plaintiff's allegations, when taken as true, make it plausible that LeBlanc engaged in a policy of unconstitutionally over-detaining persons and that policy was the driving force behind the violation of Plaintiff's constitutional rights. As such, Defendant LeBlanc is subject to a claim of false imprisonment and thus personally liable for the Plaintiff's injuries.

(Doc. 71 at 10.)

LeBlanc responds first by arguing that Plaintiff engaged in "shotgun pleading." (Doc. 72 at 4.) LeBlanc then contends, "Plaintiff's repeated argument that he states a '*Monell*' claim against Secretary LeBlanc under §1983 does not respond to the argument that Secretary LeBlanc, personally, cannot be held liable for Plaintiff's alleged false imprisonment under Louisiana law." (*Id.*) Further, LeBlanc "note[s], again, the DPSC is still a Defendant in this lawsuit and was unquestionably a 'jailer' of the Plaintiff under Louisiana law even though the Plaintiff was in parish jails for the duration of his confinement." (*Id.* at 5.) LeBlanc then closes by again hammering the "shotgun pleading" argument. (*Id.* at 5–6.)

"Under Louisiana law, '[f]alse imprisonment is the unlawful and total restraint of the liberty of the person.' " *Hernandez v. Theriot*, 709 F. App'x 755, 757–58 (5th Cir. 2017) (quoting *Kelly v. W. Cash & Carry Bldg. Materials Store*, 745 So. 2d 743, 750 (La. Ct. App. 1999) (emphasis omitted) (quoting *Crossett v. Campbell*, 122 La. 659, 48 So. 141, 143 (1908))). "It consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention." *Id.* (quoting *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 690 (La. 2006)).

9

Having considered the matter, while the Court laments Plaintiff's lumping together of all Defendants together in his counts, the Court finds that, at this stage of the proceeding, Plaintiff has adequately put LeBlanc on notice of the allegations against him and has sufficiently described the basis for imposing liability for this claim. Specifically, Plaintiff alleged that LeBlanc implemented policies with deliberate indifference that directly led to his over-detention. Under the circumstances, the Court finds Plaintiff has adequately pled a false imprisonment claim. *Cf. Poche v. Gautreaux*, 973 F. Supp. 2d 658, 666, 674–75 (M.D. La. 2013) (finding plaintiff stated a viable state law false imprisonment claim when plaintiff alleged that "the District Attorney and the Prison Officials were personally liable under Louisiana law for 'acts and omissions in the implementation and non-implementation of policies and customs' that resulted in her illegal detention."). At the very least, the complaint, on its face, contains enough factual matter, when taken as true, to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the claim. *See Lormand*, 565 F.3d at 257. As a result, LeBlanc's motion on this issue is denied.

### C. Negligence

LeBlanc's negligence argument echoes his false imprisonment one; Plaintiff lumped all "Defendants" together and fails to "plead facts showing how Secretary LeBlanc, personally, breached a duty of care he owed to the Plaintiff or how any negligent conduct of Secretary LeBlanc was the cause-in-fact of Plaintiff's harm." (Doc. 67-1 at 9 (citing *Roberts v. Benoit*, 605 So. 2d 1032 (La. 1991)).) According to LeBlanc, "[t]he few facts pleaded show the negligence claim is directed to the Department, rather than to the Secretary." (*Id.* (citing *Third Amend. Compl.* ¶¶ 59–65, Doc. 66.)

In response, Plaintiff asserts that he defined "Defendants" to include each one individually and collectively. (Doc. 71 at 10 (citing Doc. 67 at 9).) Plaintiff then argues:

10

> As the case proceeds, discovery and testimony may further illuminate the Defendants' relative fault. Nevertheless, the Plaintiff clearly plead that Secretary LeBlanc was one of the numerous "Defendants," that he was being sued in his personal capacity, and that he was responsible, at the very least, for perpetuating a policy of over-detention that caused harm to the Plaintiff. Thus, a claim of the "Defendants" negligence was a claim against Secretary LeBlanc individually and personally. Again, the Plaintiff's allegations against Secretary LeBlanc when taken as true make it plausible that Secretary LeBlanc engaged in a policy of unconstitutionally over-detaining persons and that the policy was the driving force behind the violation of the Plaintiff's constitutional rights.

(Doc. 71 at 10–11.)

In reply, LeBlanc addresses both false imprisonment and negligence claims together. These arguments were summarized above.

For the same reasons given in the false arrest section, the Court will deny LeBlanc's motion to dismiss the negligence claim. Construing the allegations of the *Third Amended Complaint* in a light most favorable to Plaintiff and drawing reasonable inferences in his favor, the Court finds that the complaint, on its face, contains enough factual matter, when accepted as true, to raise a reasonable expectation that discovery will reveal relevant evidence that LeBlanc breached the duties he owed as Secretary to Plaintiff and other inmates by implementing policies that were a legal cause of Plaintiff's over-detention . *See Lormand*, 565 F.3d at 257; *Tredick v. Ekugbere*, No. 17-103, 2018 WL 5504157, at *3–4 (M.D. La. Oct. 29, 2018) (deGravelles, J.) (describing elements of negligence claim). Consequently, LeBlanc's motion on this issue will be denied.

### D. *Respondeat Superior* and Indemnification

LeBlanc next attacks Plaintiff's allegation that LeBlanc is the "employer" who is vicariously liable for torts of the DPSC and that LeBlanc is a "public entity" who is obligated to pay any judgment against Department employees. (Doc. 67-1 at 9 (citing *Third Amended*

11

*Complaint* ¶¶ 76, 79, Doc. 66).) LeBlanc argues that he is neither an "employer" nor a "public entity." Rather, DPSC is. (*Id.*) LeBlanc then relies on precedent from this Court and the Fifth Circuit to argue that he is not vicariously liable for and need not indemnify torts committed by employees of the Department. (*Id.* (citing *Deal v. Dep't of Corr.*, No. 16-61, 2018 WL 4935454, at *3 (M.D. La. Oct. 11, 2018)).)

Plaintiff does not oppose LeBlanc on this issue. (*See* Doc. 71.) Plaintiff concedes that there is no *respondeat superior* liability under Section 1983 but argues that "he has sufficiently pled a pattern or practice to hold Secretary LeBlanc liable under a theory of *Monell* liability and therefore the federal and state claims against him should not be dismissed." (*Id.* at 11.)

The Court finds that Plaintiff has waived any opposition to dismissal of these claims by failing to substantively oppose LeBlanc's motion. *See United States ex rel. Byrd v. Acadia Healthcare Co., Inc.*, No. CV 18-312, 2021 WL 1081121, at *29 (M.D. La. Mar. 18, 2021) (deGraveles, J.) (citing numerous authorities on this issue). Accordingly, Plaintiff's claim against LeBlanc for *respondeat superior* and indemnification will be dismissed with prejudice.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Third Amended Complaint* (Doc. 67) filed by Defendant James LeBlanc is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** in that Plaintiff's claims for *respondeat superior* and indemnification against LeBlanc are **DISMISSED WITH PREJUDICE**. In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 30, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**